# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

Poindexter v. Greenhow, Treasurer.

January 26th, 1888.

Constitution—" *The mandamus act.*"—The act of April 7th, 1882, (Acts 1881-2, p. 342, taking away the remedy by *mandamus,* &c. in any case arising out of the collection of revenue in which the applicant for the writ has any other remedy adequate for the protection and enforcement of his individual right, claim and demand if just, is not inconsistent with the Federal or State constitution.

Application of George H. Poindexter for a writ of *mandamus* to compel Samuel C. Greenhow, collector of State taxes for the city of Richmond, to receive a coupon of the issue of 1871 in payment of the taxes assessed upon him. Opinion states the case.

*W. L. Royall,* for the applicant.

*R. A. Ayers, Attorney-General,* for the respondent.

Richardson, J., delivered the opinion of the court.

George H. Poindexter owed the State taxes on the 18th of December, 1882, to the amount of four dollars and seven cents, and tendered to the treasurer of the city of Richmond, the lawful tax collector for said city, a coupon of the issue of 1871, for three dollars, and one dollar and seven cents in lawful

money, in payment of the said taxes. The treasurer refused the tender, and on the same day Poindexter applied to this court for a writ of *mandamus* to compel its acceptance.

On the 19th day of December, 1882, this court awarded a rule against the said tax collector, Samuel C. Greenhow, commading him to appear before the court on the first day of the January term, 1883, and show cause, if any he can, why the commonwealth's writ of *mandamus* should not be awarded the petitioner, commanding the treasurer and collector aforesaid to receive the said coupon and money in payment of the said taxes. The rule having been duly served on the said Greenhow, he made return thereto in writing, and set out the several matters of law relied on by him as his justification, viz: 1. That the act of assembly which went into force December 1st, 1882, (Acts 1881–2, p. 37, ch. 47), forbids under heavy penalties collectors of this commonwealth to receive in payment of taxes, &c., any thing but gold, silver, treasury notes and national currency. 2. That said act also declares that no *mandamus* shall issue against any such collector to compel the receipt of coupons or any thing else than the means of payment aforesaid. 3. That the act of assembly approved January 4th, 1882, (See Sess. Acts 1881–2, ch. 7) forbids collectors to receive such coupons for taxes, unless and until the same shall have been verified and identified by the verdict of a jury to be genuine and legally receivable for taxes. 4. Because the provisions of said seventh chapter, Acts 1881–2, have not been complied with by the petitioner, and the coupon tendered by him has not been verified as genuine and shown to be receivable for taxes. And 5. Because this court hath not jurisdiction to grant the writ in the case presented by the petitioner.

Upon the question whether or not this return contains sufficient cause why the *mandamus* should not be awarded the petitioner to compel the treasurer to receive his coupon in payment of his taxes without the same having been verified as genuine and receivable for taxes in the mode prescribed by the

said seventh chapter, it would seem all-sufficient to say that it is now no longer an open question—a similar petition in a case exactly the same having been  denied by this court, and the decree of denial having been affirmed by the supreme court of ·the United States.    See *Antoni* v. *Greenhow, Treasurer*, reported in Va. Law J., April No., 1883, p. 218.    That case was this: Andrew Antoni, on  20th March, 1882, owed State taxes to the amount of three dollars and fifteen cents, and tendered the treasurer of the city of Richmond, the lawful collector, a coupon of the issue of 1871, for three dollars, and fifteen cents in lawful money in payment.    This tender was refused, and on the 28th of March, 1882, Antoni petitioned this court for a *mandamus* to compel its acceptance.    The treasurer, on the 30th of March, 1882, by way of return to the rule to show cause, said he was ready to receive the coupon as soon as it had been legally ascertained to be genuine, and such as by law was actually receivable.    To this return a demurrer was filed. Upon the hearing of the demurrer, the court being equally divided in opinion on the question involved, " in pursuance of the act of assembly in such case made and provided," denied the writ.  From this decision the case went on writ of error to the supreme court of the United States, where the decision of this court was affirmed.    An attempt has been made by the counsel of Antoni to procure a rehearing in that case; but the attempt was unsuccessful.    That high tribunal decided that, although the bonds and coupons issued by the State of Virginia under the funding act of 1871 might constitute contracts within the meaning of the Federal constitution, which prohibits a State from passing any law impairing the obligation of contracts; and that laws in force at the time and place of making a contract, may enter into and form a part of the contract, yet changes in the forms of action and modes of proceeding do not amount to an impairment of the obligation of a contract, if an adequate and efficacious remedy is left; and that the act of the legislature of Virginia approved on the

14th day of January, 1882, (Acts 1881–2, p. 10) entitled "An act to prevent frauds upon the commonwealth and the holders of her securities in the collection and disbursement of revenues," provides a remedy to the coupon holder substantially equivalent to that in force when the coupons were issued, and does not, therefore, impair the obligation of the State's contract to receive the coupons in payment of taxes.

The case of *Antoni* v. *Greenhow*, treasurer, arose before the passage of the act which repealed section 4 of the act of January, 1882, and took away entirely the remedy by *mandamus*. This repealing act is found in Session Acts 1881–2, p. 342, and known as "the *mandamus* act," was not passed upon by the supreme court of the United States—that court being satisfied that the remedy given in lieu thereof was substantially equivalent to that in force when the coupons were issued. It is universally recognized that *mandamus* does not lie when the party aggrieved has any other adequate remedy at law. High on Ex. Legal Rem., § 15.

It was in recognition of this principle that the writ was denied to Antoni by this court, and upon which the action of this court was affirmed by the supreme court of the United States.

If the act of 1882, creating the new remedy for the coupon-holder, was not unconstitutional because of the fact that it gave a remedy which was the equivalent of *mandamus*, and if the *mandamus* was denied on that account by the courts, then it is unquestionable that the entire taking away by the legislature of the remedy by *mandamus* in such cases could not possibly affect the constitutionality of that act. In the case at bar, the provisions of that act had not been, as confessed by the demurrer to the return to the rule, complied with by Poindexter, by the verification by verdict of a jury of the genuineness of the coupon which he tendered the tax collector, and by showing by that mode that it was by law actually receivable in payment of taxes.

It seems unnecessary at this time, for the purposes of this decision, for this court to consider further other questions which might arise out of the treasurer's return.  The peremtory writ of *mandamus* prayed for is denied.

MANDAMUS DENIED.